UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KRISTOPHER KANABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00097-JPH-DLP |
| | ) | |
| P. IVY, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Dismissing Amended Complaint and Providing Opportunity to Show Cause**

Kristopher Kanable, a prisoner at Wabash Valley Correctional Facility, claims that Sgt. P. Ivy violated his right to due process by depriving him of personal property. The amended complaint is dismissed because the Indiana Tort Claims Act provides Mr. Kanable with an adequate post-deprivation remedy and precludes his due process claim for loss of property in federal court. Mr. Kanable must show cause within **21 days of the issuance of this Order** why the dismissal of the amended complaint should not lead to the dismissal of the action.

**I. Screening Standard**

The court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. The Amended Complaint

The amended complaint names Sgt. Ivy as the sole defendant. Mr. Kanable is seeking compensatory, punitive, and nominal damages. The amended complaint makes the following allegations.

On July 15, 2021, Sgt. Ivy seized personal property from Mr. Kanable. Dkt. 4, paras. 7-8. The next day, Mr. Kanable's property was returned. *Id.* at para. 9. Upon this return, Mr. Kanable discovered that his tablet was broken, his television set was missing, and other property items were also broken or missing. *Id.* at para. 12. On July 22, 2021, Mr. Kanable raised the issue of this property loss through the prison's administrative grievance process. *Id.* at para. 13. On August 6, 2021, Mr. Kanable submitted an administrative tort claim to the Indiana Department of Correction's Central Office. *Id.* at para. 14.

Mr. Kanable seeks to bring a federal due process claim for loss of property and an Indiana tort claim for loss of property. *Id.* at paras. 1-2.

## III. Dismissal of Amended Complaint

Applying the screening standard to the factual allegations in the amended complaint, Mr. Kanable's due process claim is **dismissed**.

Mr. Kanable claims that the Sgt. Ivy violated his right to due process by failing to return all of his property in working order following the seizure on July 15. A procedural due process violation occurs when "(1) conduct by someone acting under color of state law (2) deprives the plaintiff of a protected property interest (3) without due process of law." *Tenny v. Blagojevich*, 659 F.3d 578, 581 (7th Cir. 2011).

The Seventh Circuit has held that, as a general rule, the Indiana Tort Claims Act ("ITCA") "provides a constitutionally adequate remedy to address property loss caused by a state officer" and precludes due process claims for property loss in federal court. *Belcher v. Norton*, 497 F.3d 742, 751 (7th Cir. 2007) (citing Ind. Code § 34-13-3-1 to 25). A prisoner seeking to pursue remedies through the ITCA must file "an administrative claim with the department of correction to recover compensation for the loss of the offender's personal property alleged to have occurred during the offender's confinement." Ind. Code § 34-13-3-7.

Mr. Kanable has submitted an administrative tort claim to the Indiana Department of Correction's Central Office. Dkt. 2, para. 14. The amended complaint does not allege that the ITCA's post-deprivation remedies are unavailable to Mr. Kanable. To the contrary, Mr. Kanable seeks to bring an Indiana tort claim in this action. *Id.* at para. 2. Accordingly, the ITCA precludes his federal due process claim, and his due process claim is **dismissed**.

Because the amended complaint does not include a viable federal claim, the Court relinquishes supplemental jurisdiction over Mr. Kanable's Indiana tort claim and **dismisses his tort claim without prejudice**. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products North America*, 672 F.3d 476, 480 (7th Cir. 2012). This presumption may be rebutted where the statute of limitations on the state claims has expired, where substantial judicial resources have already been expended on the state claims, or where the outcome of the state claim is obvious. *Id.*

In this case, the statute of limitations on Mr. Kanable's state tort claim has not expired, the Court has not expended substantial resources on his tort claim, and the resolution of the tort claim is not obvious. *See Walker v. McArdle*, 861 F. App'x 680, 687 (7th Cir. 2021) (district court

properly relinquished supplemental jurisdiction over prisoner's state tort claims where no federal claims remained in the lawsuit and the statute of limitations to bring the tort claims in state court had not expired).

### IV. Opportunity to Show Cause

The amended complaint is dismissed for the reasons set forth above. Mr. Kanable has **21 days from the issuance of this Order,** to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED**.

Date: 8/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KRISTOPHER KANABLE
150495
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838